(Not for publication)             (Docket Entry Nos. 45, 47)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS,

        Plaintiff,

v.

TEMPLE UNIVERSITY, et al.,

        Defendants.

Civil No. 04-831 (RBK)

**OPINION**

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiff Charles Williams for summary judgment on his civil rights and torts claims against Defendants Temple University, Temple University Board of Trustees, Temple University Police Department (collectively "Temple Defendants"), Officer Steven Szeles, Officer Kurt Leacock, and three unnamed employees of the Temple University Police Department. Also before the Court is a motion by Defendants to extend the time to respond to Plaintiff's motion for summary judgment until the completion of outstanding discovery. For the reasons discussed below, Plaintiff's motion will be denied and Defendants' motion will be dismissed as moot.

1

## I. BACKGROUND

### A. Factual Allegations

Plaintiff makes the following allegations in his complaint, which Defendants, in their answer, deny.[1] On April 10, 2003, Officer Steven Szeles of the Temple University Police Department approached Plaintiff in a bar, blocked his path, and questioned him. Szeles explained that a woman had reported that Plaintiff tried to sell her drugs. Szeles made racially derogatory remarks toward Plaintiff, and with the assistance of another Temple Police Officer, escorted Plaintiff out of the bar. Szeles then ordered Plaintiff to empty his pockets, and Plaintiff complied. Szeles and the other officer claimed to have found drugs on the ground near Plaintiff. They then handcuffed Plaintiff and took him to Temple University's Police Headquarters, where Plaintiff was humiliated, harassed and interrogated. Szeles tried to place drugs among Plaintiff's possessions. Plaintiff was then taken to another police precinct, where he was processed and held until his arraignment.

### B. The Suppression Hearing

On July 24, 2003, Plaintiff, who had been charged with knowing possession of a controlled substance, moved to suppress all physical evidence against him. Plaintiff argued that the police lacked reasonable suspicion or probable cause to stop and search him. Plaintiff's motion was granted.

At the suppression hearing, Officer Szeles testified that a woman approached him and told him that Plaintiff offered him cocaine in exchange for sexual favors. (Pl.'s Ex. 1 at 6.)

---

[1] Defendants admit only that Szeles and Leacock were officers with the Temple Campus Police Department at the time of Plaintiff's arrest.

Szeles testified that he approached Plaintiff in the bar and asked him to step outside. (Id.) According to Officer Szeles, either as soon as he stepped outside the bar or right before he reached the exit, Plaintiff pulled his hands out of his pockets and a bag of drugs fell out. (Id. at 8, 11.) Officer Szeles then arrested Plaintiff. (Id. at 8.)

### C. Procedural History of Civil Action

On January 15, 2004 Plaintiff filed a complaint which contains the following claims, brought pursuant to 42 U.S.C. § 1983: unlawful arrest in violation of the Fourth Amendment; illegal search and seizure in violation of the Fourth Amendment; racial discrimination in violation of the Twenty-Sixth Amendment, and cruel and unusual punishment in violation of the Eighth Amendment. In addition, Plaintiff's complaint contains the following claims: malicious prosecution, conduct unbecoming of a police officer, official oppression, harassment, disorderly conduct, obstruction of justice, abuse of power, ethnic intimidation, falsifying reports, perjury, deliberate indifference, gross negligence, breach of contract, assault, battery and defamation.

Plaintiff now seeks summary judgment, arguing that Defendants lacked probable cause to arrest and search him. In response to Plaintiff's motion, Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 56(f), seeking an extension of time to respond to Plaintiff's motion until the completion of discovery.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). Where the moving party bears the burden of proof at trial, it must satisfy its summary judgment burden by supporting its motion "with credible evidence ... that would entitle [it] to a directed verdict if not controverted at trial." In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991).

If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id. However, if the moving party has failed to satisfy its burden of demonstrating that there is no genuine issue of material fact, the court should deny the motion for summary judgment, even if the opposing party has offered no response. Resolution Trust Corp. v. Gill, 960 F.2d 336, 340 (3d Cir. 1992).

4

## III. DISCUSSION

Plaintiff argues that he is entitled to summary judgment because Officers Szeles and Leacock searched and arrested him without probable cause and because Defendants lied when, in their answer to Plaintiff's complaint, they denied that they had engaged in any improper, unlawful or illegal acts, or deprived Plaintiff of any rights secured under any federal or state law. In support of his motion, Plaintiff has provided a transcript from the criminal hearing at which all physical evidence against him was suppressed.

### A. Collateral Estoppel

Plaintiff appears to argue that the criminal court's suppression of the evidence against him precludes Defendants from arguing that they did not violate his rights. Under Pennsylvania law,[2] collateral estoppel bars the re-litigation of an issue decided in an earlier case where:

> (1) An issue decided in a prior action is identical to one presented in a later action;
> (2) The prior action resulted in a final judgment on the merits;
> (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998).

Here, collateral estoppel does not preclude Defendants from arguing that they had probable cause to search and arrest Plaintiff. Police officers who arrest an individual are not parties to the criminal action, nor are they in privity with the government. See Smith v. Holtz, 210 F.3d 186, 199-200 n.18 (3d Cir. 2000) (noting that defendants sued in their individual

---

[2] "The federal court, in determining the collateral estoppel effect of a state court proceeding, should apply the law of the state where the criminal proceeding took place . . . ." Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1987).

capacities are not in privity with government in prior criminal action). Further, police officers do not have a full and fair opportunity to litigate the issue of probable cause in the criminal case. See Duncan v. Clements, 744 F.2d 48, 52 (8th Cir. 1984) (noting that police officer was not represented by prosecutor in criminal action, did not control prosecutor or make decisions in criminal case, and could not have appealed suppression of evidence); Schwab v. Wood, 767 F. Supp. 574, 583 (D. Del. 1991) (explaining that state troopers did not control or substantially participate in control of criminal case, were not represented by prosecutor, and could not participate in discovery or assert defenses).

Because the police officer defendants in this case were not parties to the criminal action or in privity with the state, and because they did not have a full and fair opportunity to litigate the issue of probable cause in the criminal action, collateral estoppel does not preclude them from litigating the issue of probable cause. For the same reasons, the Temple defendants are not precluded from litigating the issue.

### B. Probable Cause to Search and Arrest Plaintiff

Plaintiff argues that even if this Court independently examined the issue of probable cause, he is entitled to summary judgment because Defendants could not legally arrest him for a misdemeanor without a warrant unless they had probable cause to believe a misdemeanor was being committed in their presence. Plaintiff asserts that Officer Szeles testified at the suppression hearing that he did not observe Plaintiff engage in any illegal activity. However, Officer Szeles testified that he did not arrest Plaintiff until after he saw a plastic bag containing what he believed to be narcotics fall out of Plaintiff's pockets. (Pl.'s Ex. 1 at 7-8.) If Szeles' version of events is true, Szeles had probable cause to arrest Plaintiff based on Plaintiff's

6

possession of narcotics. See United States v. Davis, 461 F.2d 1026, 1033 (3d Cir. 1972) (finding that heroin thrown out of apartment window as police were climbing stairs was sufficient support for belief that crime was being committed inside apartment).

Plaintiff further argues that Defendants lacked probable cause to conduct a search. However, if Szeles' version of events is true, Defendants obtained narcotics from Plaintiff without conducting a search. According to Szeles, drugs fell out as Plaintiff removed his hands from his pockets. Under such circumstances, there would have been no search for purposes of the Fourth Amendment. See United States v. Trimble, 986 F.2d 394, 398-99 (10th Cir. 1993) (finding that district court did not err in finding that defendant had abandoned vial of crack cocaine when he pulled it out of his pocket and tried to drop it); see also United States v. Martin, 386 F.2d 213, 215 (3d Cir. 1967) (finding defendant abandoned drugs by attempting to discard them). If, as Szeles testified, Defendants saw drugs fall out of Plaintiff's pockets, they had probable cause to arrest and search him. See Martin, 386 F.2d at 215 (finding police had probable cause to arrest and search defendant after he tried to abandon drugs in their presence).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied. Further, Defendants' motion to extend the time to respond to Plaintiff's motion is dismissed as moot.

Dated: 2/17/09

ROBERT B. KUGLER
United States District Judge

7

(Docket Entry Nos. 45, 47)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS,

        Plaintiff,

   v.

TEMPLE UNIVERSITY, et al.,

        Defendants.

Civil No. 04-831 (RBK)

**ORDER**

FILED

MICHAEL E. KUNZ, Clerk
            Dep. Clerk

THIS MATTER having come before the Court upon a motion for summary judgment filed by Plaintiff and upon a motion by Defendants for an extension of time in which to file a response to Plaintiff's summary judgment motion, and the Court having considered the moving papers; and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED; and it is further

ORDERED that Defendants' motion is DISMISSED as moot.

Dated: 2/17/09

                                                ROBERT B. KUGLER
                                                United States District Judge