# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHARLES WILLIAMS, | : | |
| Plaintiff, | : | Civil No. 04-831 (RBK) |
| v. | : | **OPINION** |
| TEMPLE UNIVERSITY, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion to compel discovery filed by Charles Williams ("Plaintiff"). Although styled as a motion to compel discovery, Plaintiff asks this Court to order Temple University, et al. ("Defendants") to provide Plaintiff with transcripts of the depositions of Lt. Russell Moody, Officer Steven Szeles, Officer Steven Rodriguez, and Officer Kurt Leacock.[1] For the reasons expressed below, Plaintiff's request is denied.

**I.      DISCUSSION**

Generally, an indigent litigant bears the cost of his own litigation expenses. See Doe v. U.S., 112 F.R.D. 183, 184 (S.D.N.Y. 1986). However, "as part of the inherent equitable powers

---

[1] Plaintiff's Motion to Compel Discovery states that Plaintiff seeks to "compel the Defendants . . . to forward . . . Plaintiff a copy of the notes of testimony from the deposition that Lt. Russel Moody, Officer Steven Rodriguez, Officer Steven Szeles, officer Kurt Leacock and thee Plaintiff participated in for C.A. No. 04-831." Because Plaintiff is proceeding in forma pauperis as a pro se litigant, this Court presumes that Plaintiff conducted each of the depositions at issue in this motion to compel.

1

of the district court in supervising discovery, a district court may . . . exercise its discretion to order an opposing party to . . . provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (citing Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 930 (1st Cir. 1991) (finding that a district court may require each party to pay for the expenses associated with taking depositions incurred by their adversaries)).

Plaintiff argues that because he requested discovery of the deposition transcript on multiple occasions prior to the present motion, this Court should order Defendant to provide Plaintiff with the deposition transcript. For the following reasons, Plaintiff's motion is denied. First and foremost, Plaintiff provided no evidence that copies of the deposition transcripts he seeks are necessary to make his case at the summary judgment stage. See Tabron, 6 F.3d at 159 (upholding magistrate judge's decision to deny the plaintiff's request for copies of certain deposition transcripts because "copies of the transcripts were not necessary for [the plaintiff] to make his case, at least at the summary judgment stage."). Second, Plaintiff took part in the very depositions for which he seeks to compel discovery. Defendant had the opportunity to take notes of the proceedings and assemble the information necessary to make his case. Accordingly, there is no reason for this Court to grant Plaintiff's motion to compel discovery of the depositions of Lt. Moody, Officer Szeles, Officer Leacock, and Officer Rodriguez.

Moreover, Plaintiff offers no grounds upon which this Court may order the federal government to pay for the deposition transcripts he requests. The in forma pauperis statute, 28 U.S.C. § 1915, provides that any federal court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or

security . . . ." The statute authorizes the federal government to pay the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and "preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is requried by the district court." 28 U.S.C. § 1915(b). However, "there is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and <u>no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant</u>." <u>Tabron</u>, 6 F.3d at 159 (emphasis added) (citing <u>Moss v. ITT Continental Baking Co.</u>, 83 F.R.D. 624, 625 (E.D. Va. 1979)). Therefore, because Plaintiff offers no legal authority pursuant to which this Court may order the federal government to pay for the deposition transcripts that Plaintiff seeks, this Court will deny Plaintiff's request.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery is DENIED. An appropriate Order shall follow.

Date: 9/28/2010                                          /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge